Dockets.Justia.com

1  E.L. Brobston
   Brobston & Brobston
2  304 North 18th Street
3  Bessemer, AL 35020
   Ph# 205-425-4361
4  Fax: 205-425-1304

5  Steve A. Miller
   Steve A. Miller, PC
6  1625 Larimer Street, No. 2905
7  Denver, CO 80202
   Ph# 303-892-9933
8  Fax: 303-892-8925

9

10  Attorneys for Movants

11

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
13

14

| | |
|---|---|
| 15  IN RE: | CASE NO: C 05-03649 JW PVT (N.D. CAL.) |
| 16  CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING,  and HOWARD | |
| 17  STERN, on behalf of themselves and all others similarly situated, | UNNAMED CLASS MEMBERS' OBJECTION TO AND |
| 18 | MOTION TO QUASH NOTICE OF DEPOSITION FILED IN THE COURT OF |
| 19              Plaintiffs, <br> v. | ORIGINAL JURISDICTION AND SUBPOENA ISSUED BY THE DISTRICT |
| 20  GOOGLE, INC. | COURT FOR THE NORTHERN DISTRICT OF ALABAMA |
| 21              Defendant. | |
| 22 | Case No: _____ |
| 23 | (Northern District of Alabama) |

24

25

26

27

28

**UNNAMED CLASS MEMBERS' OBJECTION TO AND MOTION TO QUASH NOTICE OF DEPOSITION FILED IN THE COURT OF ORIGINAL JURISDICTION AND SUBPOENA ISSUED BY THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA**

COMES NOW, Randy R. Lyons and Chase Thompson, unnamed class members by and through their undersigned attorney, who have elected to object to the proposed settlement now pending in the subject Northern District of California case ("California Case") and file this Objection to and Motion to Quash the deposition notice and subpoenas issued by class counsel (said notice and subpoena are attached as Exhibit A) and as grounds therefore state as follows:

1.      The case in chief, CLRB Hanson Industries, LLC d/b/a Industrial Printing and Howard Stern vs. Google, Inc., is a class action pending in the Northern District of California, San Jose Division (Case No. C 05-03649 JW PVT). The case is filed as a class action seeking relief for alleged practices of the Defendant for overcharging its customers who utilized Google's AdWords to promote their goods and services on the internet.

2.      Class counsel and Defendant entered into a proposed settlement. Pursuant to F.R.C.P 23, notice was given to class members. F.R.C.P 23 and the notice clearly describe the absolute right of any class member to object to the proposed settlement if such class member believes the settlement is not fair, adequate or reasonable.

3.     Messrs. Lyons and Thompson are unnamed class members in the above styled cause having met the class definition. Counsel for Messrs. Lyons and Thompson has received verification from class counsel that said individuals meet the class definition and are entitled to any and all benefits available to class members should the proposed settlement be finally approved. Furthermore, the class notice clearly provides that Defendants are to provide the claims administrator with the list of all class members, so the identity of class members is not an issue. As such, Messrs. Lyons and Thompson have the right to object to the proposed settlement and to appear and be heard at the settlement hearing.

4.     Unnamed class members Lyons and Thompson employed Steve A. Miller, an attorney licensed to practice in the State of California, to represent their interests in the above referenced matter and to file an objection to the proposed settlement on their behalf.

5.     The applicable law is clear that unnamed class members may be deposed only if specific criteria are met. In the case of *Cornn v. United Parcel Service, Inc.* 2006 Westlaw 2642540. The United States District Court for the Northern District of California (the court where this case is pending) reviewed the applicable law with regard to taking the deposition of an unnamed class member. The court noted the following four criteria <u>all</u> must be met:

(1) the discovery is not sought to take undue advantage of class members or with the purpose or effect of harassment or altering membership in the class; (2) the discovery is necessary at trial of issues common to the class;(3) responding to

the discovery requests would not require the assistance of counsel; and (4) the discovery seeks information not already known by the proponent (*Cornn* at *2) (emphasis added)

Additionally, the *Cornn* court said that court must consider the need for efficiency and economy before ordering discovery and that the burden on the party seeking discovery of unnamed class members by means of deposition is *particularly heavy* (emphasis added).

6. Although *Cornn* involved a case where defendants desired deposition discovery from unnamed class members, the rationale of *Cornn* is even more compelling when class counsel, who is charged with a fiduciary duty of protecting all class members' interests, seeks to engage in harassing and intimidating discovery with regard to those class members that exercise their legal right by objecting.

7. As stated in *Federal Practice Guide: Federal Civil Procedure, Before Trial, National Edition,* [hereinafter "*Federal Practice Guide*"] Paragraph 10:749-10:754, unnamed class members are not subject to discovery without first seeking leave of court. As noted in the *Federal Practice Guide*, because discovery from unnamed class members is so unusual, the usual burden of proving whether discovery is appropriate or inappropriate is shifted to the party seeking discovery . Even when discovery is allowed, the applicable cases, as shown in the *Federal Practice Guide,* require discovery from unnamed class members to be limited in

scope to only the material issues and at such discovery should be done in the most non-intrusive manner possible (i.e. interrogatories).

8.     The only material issue with regard to unnamed class members is whether the present unnamed class member meets the class definition and therefore is entitled to the benefits available to the class if the proposed settlement is approved. Class counsel in this case have verified that Messrs. Lyons and Thompson are members of the class. As such, they have a right to state their objections without being subject to depositions or other harassment or intimidation from the very counsel that represents them and who has a fiduciary duty to them. In fact, the *Federal Practice Guide* indicates that while there is an inherent conflict of interest between class counsel and a member of the class who elects to exercise his right to object, that conflict alone is not enough to disqualify class counsel. However, class counsel may be conflicted out of representation of the class if class counsels' actions create such actual prejudice to unnamed class members that continued representation of the class is not proper. [See, *Federal Practice Guide*: Para. 10:811.5]

9.     As evidence of the practices of class counsel in this case, attached hereto as composite Exhibit B, is correspondence from Steve A. Miller to class counsel which outlines the tactics utilized by class counsel in attempting to take the depositions referred to, despite the fact that the law is settled that no discovery

whatsoever should be initiated against unnamed class members without the express permission of the presiding court.

10.    As further evidence of the practices of class counsel one needs only to review the list of requested documents (Exhibit A). As noted above, to be entitled to the benefits of the proposed settlement and to have the right to object, the only issue for discovery is whether one is a member of the class. The settlement itself clearly discloses that Defendants have a complete list of all class members and objectors' counsel has confirmed that Messrs. Lyons and Thompson are in fact class members.

11.    The first three categories of documents requested by class counsel per Exhibit B deal with proving what is already known - i.e. that Messrs. Thompson and Lyons are members of the class. Category 4 of Exhibit B seeks all accounting and billing records dealing with the AdWords accounts despite the fac t that the class notice clearly states that Defendants have the information to advise the claims administrator of all overcharges and no claims process is necessary. In short, the items in request 4 are totally irrelevant.

12.    Similarly, the documents requested in item 5 of Exhibit B concern any communications between the deponent and Google. This is absolutely irrelevant because there is no requirement to show that any complaint or notice was given to Google in order to be entitled to all benefits.

13.    The most irrelevant and harassing requests are contained in item 6 of Exhibit B which seeks evidence with regard to any other objection Messrs. Lyons or Thompson have made in any other class settlement. The history of an unnamed class member in other litigation is absolutely irrelevant to the only issue before the presiding court at the settlement hearing, which is whether the settlement as proposed is fair, adequate and reasonable.

14.    Additionally, almost any questions that might be propounded through discovery would necessarily involve matters that are part of confidential and privileged communications between the unnamed class members and their counsel. Item 7 of Exhibit B, in the document request, is absolute proof that class counsel desires to seek information to which it has no right. Item 7 requests "all documents concerning how you came to be an objector in this case". Said inquiry is so far outside the relevant issue that the request undeniably seeks information protected by the attorney-client privilege.

15.    There is one aspect that seems to be completely ignored by class counsel. It is the fact that class counsel represents and has a fiduciary duty to all class members, including those who exercise their legal right to engage their own legal representation and object to the proposed settlement. The unwarranted attempts by class counsel to take the noticed depositions and to subpoena documents from unnamed class members, without first seeking leave of court and allowing the

presiding court to determine whether and to what extent discovery will be allowed ,
is clearly impermissible.

16.     In order to avoid any undue expense or inconvenience t o class counsel,
counsel for Messrs. Lyons and Thompson have notified class counsel of its intent
to file this motion and that Messrs . Lyons and Thompson will not be made
available on the date as requested; however, should the presiding cour t determine
that discovery is to be allowed then counsel for unnamed class members Lyons
and Thompson will reasonably cooperate with responding to or scheduling same.

WHEREFORE, premises considered, Randy R. Lyons and Chase Thompson
request that the depositions as noticed by class counsel and the subpoena s with
regard to same be quashed.

Respectfully submitted,

E.L. Brobston
Brobston & Brobston
304 North 18th Street
Bessemer, AL 35020
Ph# 205-425-4361
Fax: 205-425-1304

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August , 2009, I have forwarded a true and correct copy of the foregoing motion via electronic means (where available) and via US mail delivery postage prepaid, to the following:

Clerk of the Court
District Court for the Northern District of California
San Jose Division
United States Courthouse
280 South 1st Street
San Jose, CA 95113

Plaintiff's Counsel:
Lester L. Levy
Wof Popper, LLP
845 Third Avenue
New York, NY 10022

Rachel S. Black
Susman Godfrey, LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101

Google Counsel:
Daralyn Durie
Durie Tangri Lemley Roberts & Kent
332 Pine Street, Suite 200
San Francisco, CA 94104

Steve A. Miller

LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
E-Mail: llevy@wolfpopper.com
E-Mail: mraphael@wolfpopper.com

MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: mseltzer@susmangodfrey.com

Attorneys for Plaintiffs
(See Signature Page for Additional
Plaintiffs' Counsel)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br>          Defendant. | Case No. C 05-03649 JW PVT<br><br>**PLAINTIFFS' FIRST AMENDED NOTICE OF DEPOSITION OF OBJECTORS RANDY R. LYONS AND CHASE THOMPSON** |

**TO ALL COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the following deposition(s) upon oral examination will be taken at the offices of Merrill Corporation, 2100 Third Avenue North, Suite 960, Birmingham AL 35203 at the designated times and dates listed below. The deposition(s) will be conducted according to the United States Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the Northern District of California, taken before a notary public or other officer duly authorized to administer oaths and take testimony, recorded by stenographic means, and audiotaped and/or videotaped for use at the trial or proceedings herein. Such depositions will continue from day to day until completed.

| Deponent | Date | Time |
|----------|------|------|
| Randy R. Lyons | August 5, 2009 | 10:00 a.m. |
| Chase Thompson | August 5, 2009 | 1:30 p.m. |

The address of deponents are:

    Randy R. Lyons
    429 Saint Annes Dr.
    Birmingham, AL 35144

    Chase Thompson
    6017 May Avenue
    Pinson, AL 35126

Dated: July 23, 2009

    LESTER L. LEVY (Admitted *Pro Hac Vice*)
    MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
    WOLF POPPER LLP
    845 Third Avenue
    New York, NY 10022

    MARC M. SELTZER (54534)
    SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067-6029

PLAINTIFFS' FIRST AMENDED NOTICE OF DEPOSITION OF OBJECTORS
959505v1/010480

STEPHEN D. SUSMAN
(New York State Bar No. 3041712)
SUSMAN GODFREY L.L.P.
654 Madison Avenue, 5th Floor
New York, NY 10065
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
E-Mail: ssusman@susmangodfrey.com
RACHEL S. BLACK (Admitted *Pro Hac Vice*)
DANIEL J. SHIH (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-Mail: rblack@susmangodfrey.com
E-Mail: dshih@susmangodfrey.com

WILLIAM M. AUDET (117456)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105-1938
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
E-Mail: waudet@audetlaw.com

By _____
Rachel S. Black
Attorneys for Plaintiffs

PLAINTIFFS' FIRST AMENDED NOTICE OF DEPOSITION OF OBJECTORS
959505v1/010480

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of King, State of Washington.  I am over the age of 18 and not a party to the within action; my business address is 1201 Third Avenue, Suite 3800, Seattle, WA 98101.

On July 23, 2009, I served the foregoing document(s) described as follows:

**PLAINTIFFS' FIRST AMENDED NOTICE OF DEPOSITION OF OBJECTORS RANDY R. LYONS AND CHASE THOMPSON**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

XX   BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Seattle, Washington in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____   BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____   BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____   BY TELECOPIER
I served by facsimile as indicated on the attached service list.

XX   BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on July 23, 2009, at Seattle, Washington.

_____   (State)  I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct.

XX   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Jami Grounds
(Type or Print Name)

_____
(Signature)

Exhibit A

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Alabama

CLRB HANSON INDUSTRIES, LLC, et al.,

V.

GOOGLE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 05-03649 JW
The Northern District of
California, San Jose Division

TO:  Chase Thompson
c/o Steve A. Miller
1625 Larimer Street, No. 2905
Denver, CO 80202

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Merrill Corporation, 2100 Third Avenue North, Suite 960, Birmingham AL 35203 | DATE AND TIME  8/5/2009 1:30 pm |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached.

| PLACE  Merrill Corporation, 2100 Third Avenue North, Suite 960, Birmingham AL 35203 | DATE AND TIME  8/5/2009 1:30 pm |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorneys for Plaintiffs | DATE  7/23/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel S. Black, Susman Godfrey, L.L.P.
1201 Third Avenue, Suite 3800, Seattle, WA 98101, (206) 516-3880

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

**YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in the subpoena:**

1. All documents concerning your use of the Google AdWords service.

2. All documents that you contend evidence whether you are a member of the class in this action.

3. All documents that you contend evidence that you are a person residing in the United States who has paid Google for advertising pursuant to Google's AdWords program and that you (a) became an AdWords advertiser between June 1, 2005 and February 28, 2009, inclusive, and were charged more than your per day daily budget on any day during that time period; or (b) paused your AdWords advertising campaign(s) on any day during the period from January 1, 2002 to February 28, 2009, inclusive, and during the same billing period when your AdWords advertising campaign(s) were paused, were charged more than the product of your per day daily budget times the number of days that your advertising campaign(s) were not paused during that billing period.

4. All account and billing records accessible to you via the Internet through your Google AdWords account(s) concerning your AdWords account activity between June 1, 2002 and February 28, 2009.

5. All documents reflecting your communications with Google on the subject of your being charged, during the period from January 1, 2002 to February 28, 2009, inclusive, (a) more than your per day daily budget on any day, or (b) more than the product of your per day daily budget times the number of days that your advertising campaign(s) were not paused during any billing period.

6. All documents relating to objections you have made to other class action settlements, including but not limited to all documents filed with the Court concerning your objections, all correspondence with any party to those actions, all discovery materials concerning your objections or the settlement (including but not limited to all discovery requests, discovery responses, and deposition and/or hearing transcripts and exhibits), and all documents reflecting the resolution of your objections.

7. All documents concerning how you came to be an objector in this case.



Exhibit A

## Issued by the

# UNITED STATES DISTRICT COURT

### Northern District of Alabama

CLRB HANSON INDUSTRIES, LLC, et al.,

V.

GOOGLE, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 05-03649 JW
The Northern District of
California, San Jose Division

TO: Randy R. Lyons
c/o Steve A. Miller
1625 Larimer Street, No. 2905
Denver, CO 80202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Merrill Corporation, 2100 Third Avenue North, Suite 960, Birmingham AL 35203 | DATE AND TIME  8/5/2009 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A, attached

| PLACE  Merrill Corporation, 2100 Third Avenue North, Suite 960, Birmingham AL 35203 | DATE AND TIME  8/5/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorneys for Plaintiffs | DATE  7/23/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rachel S. Black, Susman Godfrey, L.L.P.
1201 Third Avenue, Suite 3800, Seattle, WA 98101, (206) 516-3880

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

**YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified in the subpoena:**

1. All documents concerning your use of the Google AdWords service.

2. All documents that you contend evidence whether you are a member of the class in this action.

3. All documents that you contend evidence that you are a person residing in the United States who has paid Google for advertising pursuant to Google's AdWords program and that you (a) became an AdWords advertiser between June 1, 2005 and February 28, 2009, inclusive, and were charged more than your per day daily budget on any day during that time period; or (b) paused your AdWords advertising campaign(s) on any day during the period from January 1, 2002 to February 28, 2009, inclusive, and during the same billing period when your AdWords advertising campaign(s) were paused, were charged more than the product of your per day daily budget times the number of days that your advertising campaign(s) were not paused during that billing period.

4. All account and billing records accessible to you via the Internet through your Google AdWords account(s) concerning your AdWords account activity between June 1, 2002 and February 28, 2009.

5. All documents reflecting your communications with Google on the subject of your being charged, during the period from January 1, 2002 to February 28, 2009, inclusive, (a) more than your per day daily budget on any day, or (b) more than the product of your per day daily budget times the number of days that your advertising campaign(s) were not paused during any billing period.

6. All documents relating to objections you have made to other class action settlements, including but not limited to all documents filed with the Court concerning your objections, all correspondence with any party to those actions, all discovery materials concerning your objections or the settlement (including but not limited to all discovery requests, discovery responses, and deposition and/or hearing transcripts and exhibits), and all documents reflecting the resolution of your objections.

7. All documents concerning how you came to be an objector in this case.

LAW OFFICES

STEVE A. MILLER, P. C.

THE BARCLAY, NO. 2905

1625 LARIMER STREET

DENVER, COLORADO 80202-1539

FACSIMILE

(303) 892-8925

TELEPHONE

(303) 892-9933

July 21, 2009

Daniel Shih, Esq.
Rachel Black, Esq.
Susman Godfrey, LLP
1201 Third Ave.
Suite 3800
Seattle, WA 98101-3000

RE:     CLRB Hanson Industries, LLC et al., v. Google, Inc.
        U.S. District Court for the Northern District of California
        Case No. 05-03649

Dear Mr. Shih and Ms. Black:

Without any prior contact from you, at 3:45 p.m. on Friday, July 17, 2009, you faxed a Notice of Depositions to my office, scheduling two of my clients for depositions in Denver, Colorado on July 28, 2009. Thereafter, again without any prior contact, at the start of business on Monday morning, July 20, 2009, you sent a process server to the building where my office is located. Because I was not yet in the office, nor was my paralegal, the building concierge refused admittance to your process server. The building concierge acted on his own accord; I had no idea you were sending a process server to my office. On Monday afternoon you finally initiated a call to me for the purpose of verifying my receipt of your Notice of Depositions and to discuss your failed attempt at service of subpoenas, at which point I consented to allow you to email a copy of the subpoenas to me without the need to employ a process server, but with all objections reserved.

Your Notice of Depositions is captioned in the U.S. District Court, Northern District of California. Your subpoenas are captioned and issued through the U.S. District Court, District of Colorado. I have been a member of the bar of the District of Colorado for over 30 years. I have been a member of the bar of the Northern District of California for over 15 years. Neither Court condones deposition by ambush. In so doing, you have managed to violate not one, but two local rules requiring conferral with counsel before scheduling depositions. Local Rule 30-1 (N.D. CA) and Local Rule 30.1 (D. CO). If you had complied with the conferral requirements of both Courts, you would have learned that on July 28, 2009 I will be in Memphis, Tennessee in a securities arbitration that has been scheduled for the better part of a year.

You have until the end of business tomorrow to send me an email withdrawing your subpoenas. Failing that, I will file a motion to quash and a motion for sanctions with the U.S. District Court, District of Colorado. I can assure you that the federal judges in Colorado are not amused by these bush league tactics.

Sincerely,

STEVE A. MILLER, P.C.

Steve A. Miller

LAW OFFICES
**STEVE A. MILLER, P.C.**
THE BARCLAY, NO. 2905
1625 LARIMER STREET
DENVER, COLORADO 80202-1539

TELEPHONE
(303) 892-9933

FACSIMILE
(303) 892-8925

July 30, 2009

Rachel Black, Esq.
Susman Godfrey, LLP
1201 Third Ave., Suite 3800
Seattle, WA 98101-3000

RE:    CLRB Hanson Industries, LLC et al., v. Google, Inc.
       U.S.D.C., Northern District of California Case No. 05-03649

Dear Rachel:

I believe that it is necessary to summarize the history of what has gone on with regard to your attempts to harass and intimidate my clients for asserting their legal right under F.R.C.P 23 by objecting in this matter. Within days after the objection was filed, without any attempt to contact me, you attempted to blindside me and my clients by issuing subpoenas for depositions purportedly to be held 10 days later. Not only did this violate local rules regarding the necessity of meeting and conferring before issuing notices, it violates settled law that unnamed class members are not to be subject to discovery without first seeking leave of court [See, Practice Guide: Federal Civil Procedure, Before Trial, National Edition, Para. 10:749 – 10:754]. The law is clear that because discovery from class members who object has such a potential for harassment and intimidation that the usual burden of proving whether discovery is appropriate or inappropriate, is shifted to the party seeking discovery when unnamed class members are involved. This rationale is even more obvious considering that class counsel is supposed to represent the interests of all class members including unnamed class members.

During the same period of time that these harassing techniques were being utilized, class counsel also had inappropriate contact with a client of mine who was involved in another matter. As I stated in my last email, my client has informed me that even after she advised the caller that she was represented, and to call her lawyer, the questioning continued. This is in complete violation of every state's ethical standards.

Subsequent to reaching an agreement that you would not continue to attempt to take the depositions for which you initially issued the notice and subpoena, and after our communications regarding the inappropriateness of your actions, while in discussion regarding the possibility of agreeing to mutual discovery you issued new subpoenas/notices for August 5th – another date that had not been discussed or agreed to.

We then had communications regarding the possibility of class counsel putting up its chief negotiator for a deposition and I advised you that if an agreement could be reached that any discovery would be allowed, between my schedule and my clients' schedules the earliest available date was August 17th. You insisted that there was no way you would consider a date beyond August 13th and you indicated you had no idea as to the availability of the chief negotiator for class counsel. It appeared obvious to me that there was no genuine cooperation with regard to the deposition of the negotiator.

One aspect you continually seem to overlook is that class counsel represents all class members including those that exercised their legal right to object. As I advised you in my last email, while it is clear that generally class counsel can continue to represent the class despite the conflict that is created by certain of class counsel's clients electing to object to the settlement, class counsel can be conflicted out of representation of the class if class counsel's actions create such actual prejudice to objectors that continued representation of the class is improper [See, Practice Guide: Para. 10:811.5]. Your actions in pressing for this unnecessary discovery, and as I now understand, your attempts to similarly intimidate the only other represented objector through subpoenas and discovery, shows that class counsel's goal is to attempt to force objectors to withdraw from the case. In fact, your firm's first written communication with me clearly indicates an attempt to eliminate objectors who are exercising their legal right to object. In short, there is only one legitimate question of objectors and that is whether they are in fact members of the class. That question has been answered in the affirmative by the claims administrator.

On the other hand, class members generally have a right to discovery to determine the fairness of the proposed settlement [See, Federal Practice Guide: 10:848].

While reserving all of my clients' rights, in the event you are able to convince the court that such unusual circumstances exist that discovery should be allowed by class counsel from unnamed class members who object, I will make my clients available for deposition, along with my taking the deposition of class counsel's chief negotiator, at mutually agreeable dates. You should be aware, however, I believe the law is clear that it is incumbent upon class counsel to seek and obtain permission for discovery (which is generally required to be in the least burdensome manner possible – i.e. interrogatories) and I will take any and all actions necessary to protect my clients' interests and advise the court of the overreaching that has occurred to date.

Given class counsel's obligation to get court permission for my clients' depositions, and given that my clients and I are not available on August 5th, I assume that your subpoenas will be withdrawn with regard to August 5th depositions which were not agreed to. Please email your withdrawal of the August 5th subpoenas by noon, Friday, July 31st.

Sincerely,

STEVE A. MILLER, P.C.

/s/ Steve A. Miller

Steve A. Miller